IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES E. COOKE, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-031-LPS |
| MR. PHIL MORGAN, et al., | : | |
| Defendants. | : | |

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Phil Morgan, Ann Downing, and Carl C. Danberg.

**MEMORANDUM OPINION**

November 14, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James E. Cooke, Jr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.[2]

## II. BACKGROUND

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, two counts of murder in the first degree, and resultant death sentence. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

Plaintiff was seen by Defendant Dr. Politi ("Dr. Politi") on December 12, 2010 for a skin condition. Plaintiff alleges that Dr. Politi told him that he could not receive treatment for the condition and would have to purchase medication from the commissary. He also alleges he receives inadequate portions of food and is being denied an education.[3]

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The complaint named an additional plaintiff, Joe F. Cooper ("Cooper"). Because Cooke's and Cooper's claims are unrelated, a new case was opened for Cooper. The Court does not consider any claims made by Cooper.

[3] Plaintiff provides no facts in support of these conclusory allegations. From the allegations, it is evident that Plaintiff is being fed. In addition, prisoners have no constitutional right to an education. *See Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Risso v.*

Plaintiff wrote to Defendant Warden Phil Morgan "(Warden Morgan") on several occasions making various complaints, but received no responses. He also wrote grievances, but received no responses. Plaintiff alleges that Defendant Ann Downing ("Downing") is responsible for receiving mail and reporting matters to Warden Morgan.

Plaintiff sues Warden Morgan and Ms. Downing for conspiracy to deprive him of his rights and not reporting acts committed against him to Defendant Commissioner Carl C. Danberg ("Danberg"). Plaintiff sues Dr. Politi for malpractice. Finally, Plaintiff sues Danberg for endangering Plaintiff's life at the HRYCI. Plaintiff seeks compensatory damages.

## III. **LEGAL STANDARDS**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

---

*Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Longendorfer v. Roth*, 1992 WL 95919, at *1 (E.D. Pa. April 23, 1992).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

3

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Respondeat Superior

Plaintiff names Commissioner Danberg as a defendant, but other than the prayer for relief the Complaint contains no allegations referencing him. Hence, it appears that Plaintiff names Danberg based upon his supervisory position.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*,

392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Iqbal*, 129 S.Ct. at 1948-49) (not published); *Rode*, 845 F.2d at 1207.

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *See id.*

*Under pre-Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiffs' rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 127 n.5 (3d Cir. 2010) (internal quotation marks omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus

5

or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *See Santiago*, 629 F.3d 130 n.8; *Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (stating in light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[4] *Williams v. Lackawanna County Prison*, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff.

---

[4]"Supervision entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

*See Sample*, 885 F.2d at 1117-18; *see also Iqbal*, 129 S.Ct. at 1949-54; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. Apr. 11, 2005) (not published).

Plaintiff provides no facts describing how Commissioner Danberg allegedly violated his constitutional rights, that Commissioner Danberg expressly directed the deprivation of his constitutional rights, or that Commissioner Danberg created policies under which subordinates had no discretion but to apply them in a fashion which actually produced the alleged deprivation. Plaintiff has alleged no facts to support personal involvement by Commissioner Danberg. Accordingly, the Court will dismiss as frivolous all claims against Commissioner Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Grievances

Plaintiff complains that Warden Morgan did not respond to his letters of complaint and that were no responses to his grievances. The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006) (not published). However, to the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, his claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. Apr. 27, 2009) (not published) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

To the extent Plaintiff bases his claims upon Warden Morgan's failure to answer his letters, his claims again fail. Participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d

Cir. Feb. 14, 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish involvement of those officials and administrators in underlying deprivation); *see also Cole v. Sobina*, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Ramos v. Pennsylvania Dep't of Corr.*, 2006 WL 2129148 (M.D. Pa. July 27, 2006); *Jefferson v. Wolfe*, 2006 WL 1947721 (W.D. Pa. July 11, 2006). *Cf. Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state constitutional claim).

Therefore, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. <u>Conspiracy</u>

Plaintiff alleges that Morgan and Downing conspired to violate his rights. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional right under color of law); *Kelley v. Myler*, 149 F.3d 641, 648-49 (7th Cir. 1998) (stating agreement or understanding to deprive plaintiff of constitutional rights must exist).

The allegations are conclusory. In addition, the Complaint does not contain sufficient allegations to indicate a deprivation of Plaintiff's constitutional rights or that Defendants reached an agreement to deprive Plaintiff of his constitutional rights. Therefore, the conspiracy claim will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### D. Medical Negligence

Plaintiff raises a malpractice claim against Dr. Politi. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *See Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (citing *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to Dr. Politi signed by an expert witness. *See* 18 Del. C. § 6853(a)(1).

Plaintiff failed to accompany the Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Therefore, the Court will dismiss the medical negligence claim.[5]

## V. CONCLUSION

For the reasons discussed, Plaintiff will be allowed to proceed against Dr. Politi on the medical needs. The Court will dismiss the remaining claims as frivolous against Morgan, Downing, and Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An appropriate Order follows.

---

[5]Liberally construing Plaintiff's allegations as the Court must, he has adequately alleged a medical needs claim under 42 U.S.C. § 1983 against Dr. Politi. *See McKeithan v. Beard*, 322 F. App'x 194, 198 (3d Cir. Apr. 6, 2009).

9