IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. COOKE, JR. and JOE COOPER, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civ. No. 11-031-LPS |
| | : |
| MR. PHIL MORGAN, et. al, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 14th day of November, 2011:

1. Plaintiff has filed numerous lawsuits as joint actions with various co-plaintiffs. *See* Civ. Nos. 10-745-LPS, 10-893-LPS, 10-1118-LPS, 11-31-LPS, 11-44-LPS. The Court entered orders advising Plaintiff that he did not meet the requirements for filing a joint action pursuant to Fed. R. Civ. P. 20. Despite being advised that plaintiffs may file a joint action only if: A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and B) any question of law or fact common to all plaintiffs will arise in the action, *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), Plaintiff continued to file lawsuits in derogation of Rule 20.

2. The Court found that Plaintiff's repeated filing of joint actions, filed in derogation of Fed. R. Civ. 20, and his failure to provide a complete prison trust account statement as required by this Court, were vexatious and an abuse of the legal process. On February 22, 2011, the Court

1

ordered Plaintiff to show cause why he should not be enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, that attempts to file a joint action pursuant to Fed. R. Civ. P. 20.[1]

3. A district court has the power to enjoin vexatious litigants from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. *See* 28 U.S.C. § 1651; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). The Court, in seeking to enjoin Plaintiff as a vexatious litigant from future joint litigation, provided him sufficient notice and an opportunity to be heard in the form of a show cause order entered February 22, 2011. (D.I. 8) *See also Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Plaintiff did not file a response to the Show Cause Order.

4. Plaintiff has failed to show cause why he should not be enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, that attempts to file a joint action pursuant to Fed. R. Civ. P. 20.

IT IS THEREFORE ORDERED that:

1. Plaintiff is hereby enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus, that attempts to file a joint action pursuant to Fed. R. Civ. P. 20.

2. Plaintiff must file a motion for leave to file with any new complaint, lawsuit, bankruptcy appeal or petition for writ of mandamus he proposes to file with co-plaintiffs and must attach a copy of this Memorandum Order to it. The motion shall be filed as a miscellaneous case.

---

[1] Plaintiff was also ordered to show cause why he failed to comply with this Court's Orders to submit complete prison trust account statements. He has since resolved this issue.

3. As an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

4. The court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this Memorandum Order shall be sufficient grounds for this court to deny any motion for leave to file.

5. If the motion for leave to file is granted, Plaintiff shall submit the order as evidence that he has obtained the permission of the court for the filing.

6. No document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order.

7. The clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshal forms, in connection with a motion for leave to file, unless and until leave is granted.

_____
UNITED STATES DISTRICT JUDGE